UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
Brian Marchese, Ruth Marchese, and
Michael Marchese                                    CV-08-4786(CPS)(SMG)

                                                    MEMORANDUM
                        Plaintiffs,                 AND ORDER

        - against -

The Leverage Group, Leverage Option
Management Co., Inc., Leverage Management
LLC, North American Financial, Philip
Barry LLC, Philip Barry, HK Holdings,
LLC, and Joseph's Development Corporation,

                        Defendants.
------------------------------------------X
SIFTON, Senior Judge.

        Plaintiffs Brian Marchese, Ruth Marchese, and Michael

Marchese commenced an action against defendants the Leverage

Group ("Leverage Group"), Leverage Option Management Co., Inc.

("Leverage Option Management"), Leverage Management, LLC

("Leverage Management"), North American Financial ("North

American"), Philip Barry ("Barry"),[1] and Philip Barry, LLC

("Barry, LLC")[2] (collectively, "defendants") on November 26,

2008, after several other groups of plaintiffs filed similar

actions.[3] These cases were consolidated for pretrial purposes on

_____

        [1]On November 7, 2008, all proceedings against defendant Barry were
stayed by the Bankruptcy Court. On November 20, 2008, Barry, LLC filed for
bankruptcy. On January 21, 2009, the Barry, LLC action was dismissed by the
Bankruptcy Court. On January 23, 2009, the Bankruptcy Court lifted the stay.

        [2]See previous note.

        [3]The full list of plaintiffs in this consolidated action is as follows:
Frances Monteleone, Linda Rodriguez, Elyse Scileppi, Frank J. Monteleone,
Wendy Monteleone (the "Monteleone plaintiffs"); Margaret Schaefer Barglow,
Raymond Barglow, Pamela Montanaro, Siri Scull, Charles Scull, Robert Wolfson,

November 17, 2008. On December 24, 2008, all plaintiffs filed an

Amended Consolidated Complaint, which included the following

additional defendants: Saint Joseph's Development Corporation and

HK Holdings, LLC.[4] The Amended Complaint included causes of

action for violation of federal and New Jersey securities law,

federal and New Jersey RICO, fraud, conversion, negligent

misrepresentation, breach of fiduciary duty, breach of contract,

breach of implied covenants of good faith and fair dealing, and

unjust enrichment. On February 13, 2009, I ordered the Marchese

plaintiffs' attorney relieved from this case, and granted Brian

Marchese, Ruth Marchese, and Michael Marchese authorization to

proceed pro se. Presently before this Court is a motion by pro se

plaintiff Brian Marchese to attach certain assets belonging to

the defendants.

For the reasons set forth in my prior ruling in *Monteleone*

*et al. v. Leverage Group et al.,* 2008 U.S. Dist. LEXIS 78983

(E.D.N.Y. October 7, 2008) ("*Monteleone*"), and the additional

---

Mahala Pugatch (the "Barglow plaintiffs"); Gene Bianco, Anita Bianco (the
"Bianco plaintiffs"); Carl Gambello, Carole Gambello, Adele Disarmato (the
"Gambello plaintiffs"); Miriam Greenberger (the "Greenberger plaintiff");
Philip M. Bray, Ingrid Noreiko-Bray, Label Service, Inc., Noray Charitable
Remainder Unitrust (the "Bray plaintiffs); Amadeo Delmonaco, Piedad Delmonaco
Michelle Delmonaco, Brandon Delmonaco, Nicole Delmonaco, Rosa Armetta,
Karamchad Balkaran, Gino Citro, Steven Doyle, Keith Pennington, Joseph
Fontana, Marco Fontana, Nunzio Fontana, David Breiner, Marc Kowalski, George
Trivino, German Valdavia, Mazine Albert (the "Delmonaco plaintiffs"); Ann
Marie Delia, William Delia, Robert Sweeney, Veronica Sweeney, Tara Sroka
f/k/a/ Tara Sweeney, Ludvig Haugedal (the "Delia plaintiffs"); Brian Marchese,
Ruth Marchese, and Michael Marchese (the "Marchese plaintiffs").

[4]These defendants have not yet appeared by an attorney. The Marchese
plaintiffs seek an attachment against the original defendants only.

findings of fact and conclusions of law set forth below, the motion is granted.

**Background**

Familiarity with the defendant parties and procedural history is assumed. The following facts are drawn from the Marchese plaintiffs' complaint, and are substantially similar to the facts of the *Monteleone* case. Defendants do not dispute any of the facts alleged by plaintiffs.

The Marchese plaintiffs are three individuals. Brian and Ruth Marchese live in Chicago, Illinois. Michael Marchese lives in Brooklyn, New York. Brian Marchese is the son of Ruth and Michael Marchese.

In mid November, 2007, plaintiffs Brian and Ruth Marchese were referred to Philip Barry to invest their money with him and his companies Leverage Group, Leverage Option Management, North American, and Barry, LLC. Compl. at ¶ 14. Defendant Barry represented to plaintiffs that they would receive a guaranteed return on their investment of 12.55%. *Id*. at ¶ 15. Defendant Barry further represented to plaintiffs that he, through his Leverage companies, engaged in the business of trading in options of publicly traded securities, which enabled the Leverage companies to earn substantial profits regardless of whether the underlying securities increased or decreased in value. *Id*. at ¶ 16. Barry stated that he had a consistent thirty-year track

record of learning annual returns of 12.55%, that the Leverage companies had one of the most reliable and profitable earnings records in the investment management industry, that the Leverage companies would be the safest place for plaintiffs to invest their money, that all securities transactions were placed through insured brokers for investor protection, that an investment with the Leverage companies would not result in any loss of principal, that funds would be maintained in separate accounts for each investor, and that all funds invested would remain liquid and could be withdrawn at any time. *Id*. at ¶ 17. Plaintiffs allege that defendant knew these statements to be false when he made them. *Id*. at ¶ 19.

These representations were made orally and in writing to plaintiffs when they met with defendant Barry in his office in Brooklyn, New York in November, 2007. *Id*. at ¶ 18. These representations were subsequently made repeatedly to plaintiffs in telephone conversations that took place in December 2007 and January 2008, and were again received in writing periodically thereafter. *Id*.

In reliance on defendants' solicitations and statements, acting on defendant Barry's instructions, Brian and Ruth Marchese opened an investment account with defendants, with an initial deposit of $632,748. *Id*. at ¶ 20. Brian and Ruth Marchese received a letter/receipt from defendants dated January 15, 2008,

which confirmed receipt of the initial deposit and guaranteed a yield of 12.55% through 2008. *Id*. at ¶ 21, Ex. A. Brian and Ruth Marchese thereafter received quarterly statements from defendants dated March 31, 2008, June 30, 2008, and September 30, 2008. *Id*. at ¶ 22, Ex. B. With accrued interest, the account statement dated September 30, 2008 reflected an account balance of $687,997.27. *Id*. In response to further solicitations by defendants, Brian and Ruth Marchese opened two additional investment accounts in January of 2008. The first of these additional accounts was opened with an initial deposit of $50,000, and had grown with interest to a balance of $54,654.39 as of September 30, 2008. *Id*. at ¶¶ 24, 25, Exs. C, D. The second of the additional accounts was opened with an initial deposit of $5000, which, after accrued interest and additional deposits, grew to a balance of $16,008.87 as of September 30, 2008. *Id*. at ¶¶ 26, 27, Exs. E, F.

On September 1, 2005, Michael Marchese made a deposit with defendants of $9,240, for which he received a letter receipt, which confirmed the guaranteed yield of 12.55% interest. *Id*. at ¶ 28, Ex. G. With additional deposits and interest, Michael Marchese's account contained $49,194.95 as of June 30, 2008. *Id*. at ¶ 29, Ex. H.

In February and May of 2008, multiple investors filed actions against defendants, asserting similar claims to those

made by plaintiffs. *Id*. at ¶ 31. Despite being named in multiple lawsuits, defendant Barry failed to disclose the existence of the lawsuits to plaintiffs. *Id*. at ¶ 32. During numerous telephone conversations held between plaintiffs and defendant Barry from January to October of 2008, in response to plaintiffs' specific inquiries as to the status of their investments, defendant Barr made affirmative representations that the Leverage Group companies were operating successfully, that plaintiffs' investments were safe, and that the 12.55% guaranteed yield would continue. *Id*. at ¶ 33. Plaintiffs Brian, Ruth, and Michael Marchese relied on defendant Barry's misrepresentations to their detriment. *Id*. at ¶ 34. Plaintiffs did not learn of the other lawsuits until late October, 2008.

On October 21, 2008, plaintiffs Brian Marchese and Michael Marchese telephoned defendant Barry in order to withdraw all funds and to close their Leverage accounts. *Id*. at ¶ 36. Defendants have failed to refund or return the funds held for plaintiffs in their four accounts as requested. *Id*. at ¶ 36. The funds in these accounts comprised the bulk of plaintiffs' life savings. *Id*. at ¶ 39. According to the quarterly account statements received from defendants, as of September 30, 2008, the Leverage investment accounts opened by plaintiffs Brian and Ruth Marchese contained the following sums:

Account # 1-153-08: $687,997.27

Account # 12-311-07 $54,654.39

Account # 1-041-08  $16,008.87

*Id.* at ¶ 39.

According to the quarterly account statements received from defendants, as of June 30, 2008, the Leverage account opened by plaintiff Michael Marchese contained the following sum:

Account # 9-=011-05 $49,194.95.

*Id.* at ¶ 40.

## Discussion

Plaintiff Brian Marchese requests an order of attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 6201 ("§ 6201"), directing levy upon the identified real and personal property within defendants' ownership, possession, custody, or control. Under Rule 64, attachment is available in the manner provided by the law of the state in which the district court is held. *See* Fed.R.Civ.P. 64. New York law requires that a plaintiff seeking attachment must show by affidavit (1) that there is a cause of action, (2) that there is a probability of success on the merits, (3) that a ground for attachment listed in § 6201 exists, and (4) that the amount demanded from defendants exceeds all counterclaims known to plaintiff. *See* N.Y. C.P.L.R. § 6212(a) ("§ 6212(a)").

Plaintiff has shown by affidavit and accompanying memorandum that he deposited investment funds with defendants that have not

been returned upon request as required by contract and that are currently unaccounted for. Plaintiff has presented evidence that defendants have engaged in misrepresentation regarding the nature of the investment and the status of the investment monies when inquiries were made. Plaintiff has fulfilled the first requirement of § 6212(a). Plaintiff has also satisfied the fourth requirement that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff, as defendant has not made any counter-claims against this plaintiff at this time.

*Likelihood of Success on the Merits*

Plaintiff alleges that defendants committed fraud. Under New York law, a fraud claim consists of five elements: 1) a representation of material fact; 2) that was false; 3) scienter; 4) reliance by the plaintiff; and 5) injury. *See Vermeer Owners, Inc. v. Guterman*, 78 N.Y.2d 1114, 1116, 585 N.E.2d 377, 578 N.Y.S.2d 128 (1991). Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud or mistake shall be stated with particularity. Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of mind of a person's mind may be alleged generally." *Id*. The rule is "intended to ensure that each defendant is provided with reasonable detail concerning the nature of his particular involvement in the alleged fraud." *The Equitable Life Assurance Society v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1028

(S.D.N.Y. 1985). Fraud allegations in a complaint therefore must:
"(1) specify the statements that the plaintiff contends were
fraudulent, (2) identify the speaker, (3) state where and when
the statements were made, and (4) explain why the statements were
fraudulent." *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124,
1128 (2d Cir. 1994). Although the scienter requirement need not
be plead with particularity, "[i]n order to avoid abuse...
plaintiffs are required to allege facts that give rise to a
strong inference of fraudulent intent." *Campaniello Imports, Ltd.
v. Saporiti Italia S.P.A.*, 117 F.3d 655, 663 (2d Cir. 1997)
(internal quotation marks and citations omitted). The requisite
"strong inference" of fraud may be established either (a) by
alleging facts to show that defendants had both motive and
opportunity to commit fraud, or (b) by alleging facts that
constitute strong circumstantial evidence of conscious
misbehavior or recklessness. *Shields*, 25 F.3d at 1128.

Plaintiff has satisfied the pleading requirements for fraud
and has shown a likelihood of success on the merits. Plaintiff
has made a showing that defendants misrepresented the nature and
conditions of the investment, that they knew their statements
were false, and that plaintiff relied on these statements to his
detriment. *Inter alia*, he has stated that defendants repeatedly
claimed that the investments were safe and that plaintiffs would
be able to withdraw their principal at any time, both of which

statements were knowingly false. I find that plaintiff is likely to succeed on their fraud claim.[5]

*Grounds for Attachment*

To establish the relevant grounds for attachment, plaintiff (a) must be seeking a money judgment, and (b) must show that defendants, "with intent to defraud creditors or frustrate enforcement of a judgment that might be rendered in plaintiffs' favor, [have] assigned, disposed of, encumbered or secreted property, or removed it from the state or [are] about to do any of these acts." § 6201(3). The complaint seeks a money judgment, thereby satisfying the first requirement.

Based on plaintiff's uncontroverted allegations and on my prior rulings, I find that defendants have assigned, disposed of, encumbered or secreted property. Money belonging to plaintiff is unaccounted for even after repeated requests by plaintiff. Furthermore, as found in my prior ruling, defendants used Leverage Group investor money to buy the building in Kings County that is the defendants' place of business, and in all likelihood, plaintiff's money was used to purchase or maintain some of the properties that are being sought to be attached. Bank statements also show that Barry used the accounts into which he directed the investors to deposit funds to make payments on various mortgages

---

[5]Because I find that plaintiff is likely to succeed on the merits on this claim, I need not consider the other claims.

and also of his personal living statements. Furthermore, Barry
has made several unexplained transfers of real property to Philip
Barry LLC. Defendants have thus dissipated investor funds and
thereby disposed of property within the meaning of § 6201(3).
Defendants do not dispute this evidence of past disposal.

I also find that there is strong evidence of an intent to
defraud. Defendants induced plaintiff to give defendants money
with false promises. When plaintiff became suspicious and sought
return of his money, defendants refused. Defendants offered
changing stories for why the money could not be delivered.
Defendants have refused to identify the money and how it was
invested. These facts support a finding of intent to defraud.

*Reverse veil piercing*

Properties subject to the attachment include those
attributable to Barry's privately held entities, Philip Barry,
LLC and Leverage Management, LLC, which have no business purpose
or holdings other than the real property that plaintiff seeks to
attach. Plaintiff can attach the real estate owned by these
companies because plaintiff has made a showing sufficient to
disregard the corporate form, and it is therefore appropriate to
attach properties held by corporate defendants in this case.


**Conclusion**

For the reasons set forth herein, plaintiff Brian Marchese's

motion to attach certain assets belonging to the defendants is granted. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.


Dated :    Brooklyn, New York
           February 20, 2009



                    By: /s/ Charles P. Sifton (electronically signed)
                                United States District Judge